
Jadeja-Cimone Law, PC

June 29, 2026

**BY ECF**
Honorable Nusrat J. Choudhury
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     Re:     *2:26-cv-03812-NJC Nolasco-Aleman v. Blanche et al*

Honorable Judge Choudhury:

Petitioner submits the instant reply. What Respondents' response omits is the fact that Petitioner was previously detained on the exact same basis, and ordered by an Immigration Judge to be released from custody as he was not a danger to the community. Nothing has changed, and the allegations against Respondent remain exactly the same. It may be that this detention is not in ICE's records, as Petitioner was under 18 at the time. As such, he was not held in ICE custody, but in the custody of the Office of Refugee Resettlement ("ORR") for five months prior to being given a hearing with an Immigration Judge.

Petitioner entered the United States on November 9, 2016. He was 16 years old at the time. He was thereafter released to the care of his older brother, and enrolled in high school. On July 6, 2017, Petitioner was detained by ICE. As he was 17 at the time, he was not held in ICE custody, but rather OOR custody. Petitioner was held without access to a neutral decision maker until Respondent was provided a hearing before an Immigration Judge pursuant to *Flores v. Sessions*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017), and the settlement in *Saravia v. Barr*, 3:17-cv-03615 (N.D. Cal Sept. 17, 2020) on November 28, 2017, five months later. At the hearing on November 28, 2017, DHS presented their evidence of Petitioner's alleged dangerousness, which consisted of the attached "gang memo" reciting the *exact same allegations* that repeate in the instant matter – Petitioner was alleged to have been seen making a gang sign on an unknown date by unknown people.

The Immigration Judge found the attached gang memo to be insufficient to merit Petitioner's

detention, and ordered his release. The allegations that Respondents currently cite are, in their entirety, "Subject has been identified as an MS-13 gang member. As per HIS, subject associated with other known MS-13 gang members and has been witnessed using hand signs or symbols associated with MS-13." These are *the exact same allegations* as 9 years ago, and seem to be from 9 years ago. Undersigned counsel has seen many such allegations which contain far more detail – dates and times, names of informants, etc. There general, undated allegation from 9 years ago is wholly insufficient to trigger a new arrest.

Petitioner does not require a hearing before an immigration Judge. *He already had one*, and was found not to be a danger. He has never been arrested or charged with a crime anywhere in the world. Since he was ordered released by an immigration Judge in 2017*, after* the same allegations that Respondents repeat today, Petitioner was not only granted Special Immigrant Juvenile Status by USCIS, he was also granted deferred action, and DHS agreed in their prosecutorial discretion to termination of his immigration proceedings.

Respectfully submitted,

By:  */s/ Carolyn M. Corrado*
Carolyn M. Corrado, Esq.
Counsel for Petitioner
(516) 414-0080
ccorrado@jadejacimone.com