Carolyn M. Corrado, Esq.
Jadeja-Cimone Law, PC.
50 Clinton Street, Suite 501
Hempstead, NY 11550
Attorney for Petitioner

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JOSE MOISES NOLASCO-ALEMAN**,** | ) | |
| | ) | Case No. 2:26-cv-03812-NJC |
| *Petitioner,* | ) | |
| | ) | **AMENDED PETITION FOR WRIT** |
| v. | ) | **OF HABEAS CORPUS** |
| | ) | |
| TODD BLANCHE, *Acting Attorney General of the* | ) | |
| *United States*, MARKWAYNE MULLIN, *Secretary* | ) | |
| *of the Department of Homeland Security,* | ) | |
| DAVID VENTURELLA, *Acting Director, United* | ) | |
| *States Immigration and Customs Enforcement*, | ) | |
| BRIAN FLANAGAN, *Acting Deputy Field Office* | ) | |
| *Director for ICE in New York City Area, in their* | ) | |
| *official capacities,* | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

## **INTRODUCTION**

1. Petitioner Jose Moises Nolasco-Aleman ("Petitioner"), **A 209-484-551,** is a native of El Salvador who has lived in the United States since 2016. He is a resident of Suffolk County.

2. Petitioner entered the United States without inspection or admission in 2016 along with his twin brother. Petitioner and his brother were classified as Unaccompanied Alien Children ("UACs"), and placed in Office of Refugee Resettlement ("ORR") custody. They were thereafter reunified with their older brother.

3. Petitioner has not criminal history whatsoever. He has never been arrested for or convicted of a crime anywhere in the world.

4. On July 6, 2017, Petitioner was detained by ICE, and placed back into ORR custody.

5. Despite the fact that Petitioner was a minor, and ORR does not have the right to hold minors punitively, ORR refused to release him, stating that he was being detained for allegedly associating with gang members at his school.

6. Petitioner was held without access to a neutral decision maker until Respondent was provided a hearing before an Immigration Judge pursuant to *Flores v. Sessions*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017), and the settlement in *Saravia v. Barr*, 3:17-cv-03615 (N.D. Cal Sept. 17, 2020).

7. Petitioner was provided a hearing on November 28, 2017 before the Honorable Judge Loprest of the New York Immigration Court. ORR did not present Petitioner for the hearing that day, but it went forward regardless. The Immigration Judge held that under Saravia, there were "insufficient changed conditions" to justify the July 2017 re-arrest. Respondent was then once again reunified to the care of his older brother after having been detained five months.

8. Petitioner sought Special Immigrant Juvenile Status ("SIJ"), which was granted. He filed a Form I-360, Self-Petition for Special Immigrant Juvenile Status, with USCIS, on February 5, 2019. It was granted on June 13, 2022. He was granted deferred action by USCIS along with his SIJ grant and issued a category (c)(14) Employment Authorization Document.

9. Removal proceedings against Petitioner were terminated on June 15, 2022 upon a joint motion with the Department of Homeland Security.

10. As soon as his priority date was current according to the visa bulletin, Petitioner filed a Form I-485, Application for Adjustment of Status, with USCIS. That application was filed on June 7, 2024, and remains pending.

11. Petitioner received notice from USCIS on June 10, 2024, that USCIS had his biometrics, and it was not necessary for him to appear for a biometrics appointment, however, he was issued a biometrics appointment in relation to his employment authorization request.

12. On June 24, 2026, Petitioner appeared at the USCIS Biometrics Office at 330 Wheeler Road, Hauppauge, NY 11788, for his appointment. Petitioner was taken into custody and issued a new Notice to Appear at that appointment.

13. Petitioner filed the instant Petition for Habeas Corpus on 6/24/26. Respondents filed their response on 6/26/26, and Petitioner filed a reply on 6/29/26.

14. Immediately upon the filing of Petitioner's reply, Respondents released Petitioner. However, they released him with an order of supervision which requires him to report to Enforcement and Removal Operations on 9/26/26, and sets various other conditions for release. See Exhibit 1. One of the conditions is that Petitioner may not change his residence without first securing written permission from ICE. This is a significant restraint on his liberty and freedom of movement.

15. At that appointment on 9/26/26, ICE may take Petitioner back into custody, or may place him on intensive supervision, give him a GPS monitor, or simply give him another date to report.

16. It is Petitioner's position that being placed under supervision constitutes a significant restrain on his liberty such that this habeas petition remains a live controversy.

17. Furthermore, Respondents voluntary cessation of their detention of Petitioner does not moot this case, as they have provided no assurance that they will not simply re-detained Petitioner.

<h2 style="text-align:center"><strong><u>JURISDICTION & VENUE</u></strong></h2>

18. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 (the general grant of habeas authority to the district court); Art. I § 9, cl. 2 of the U.S. Constitution ("Suspension Clause"); 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 2201, 2202 (Declaratory Judgment Act).

19. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

20. A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

21. Venue is proper in this district pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1391(b)(2) and (e)(1) as Petitioner is detained on Long Island.

<h2 style="text-align:center"><strong><u>PARTIES</u></strong></h2>

22. Petitioner is a resident of Suffolk County.

23. Todd Blanche is the Acting Attorney General of the United States. He oversees the immigration court system, which is located within the Executive Office for Immigration Review ("EOIR") and includes all Immigration Judges and the Board of Immigration Appeals ("BIA"). He is sued in his official capacity.

24. Markwayne Mullin is the is the Secretary of DHS, which oversees ICE, and is responsible for administering and enforcing the immigration laws. He is the ultimate custody of Petitioner. He is sued in his official capacity.

25. David Venturella is the Acting Director of United States Immigration and Customs Enforcement, the agency which detained Petitioner. He is sued in his official capacity.

26. Brian Flanagan is the Acting Deputy Field Office Director for ICE in the New York City

4

Area. He is sued in his official capacity.

## **NONCITIZEN'S PROCEDURAL DUE PROCESS RIGHTS**

27. The Due Process Clause of the Fifth Amendment entitles noncitizens to due process of law. *Reno v. Flores*, 507 U.S. 292, 306 (1993). As clearly enunciated by the Supreme Court, the protection of the Due Process Clause applies to noncitizens in the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) (citations omitted).

28. Stated simply, "while [DHS] might want to enforce this country's immigration laws efficiently, it cannot do that at the expense of fairness and due process." *Ceesay v. Kurzdorfer*, No. 25-CV-267, 2025 WL 1284720, at *1 (W.D.N.Y. May 2, 2025) (citing *United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–68 (1954)).

29. Further, noncitizens are entitled to procedural due process protections, even in the face of policy shifts between administrations. While a "new administration can change the rules . . . it cannot change them and make up new rules as it goes along when the new rules abridge constitutional rights." *Velasquez v. Kurzdorfer*, No. 25-CV-493, 2025 WL 1953796, at *14 (W.D.N.Y. Jul. 16, 2025).

30. In the context of immigration detention procedural due process claims, the Second Circuit has applied the three-factor balancing test set forth in *Mathews v. Eldridge* to determine what due process requires. These factors are: (i) "the private interest that will be affected by the official action"; (ii) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (iii) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or

substitute procedural requirement would entail." *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020).

31. Under the *Mathews* rubric, freedom from imprisonment, physical restraint, or **other forms of government custody** is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (emphasis added); *Lopez Benitez*, 2025 WL 2371588, at *9 ("[Petitioner] invokes the most significant liberty interest there is—the interest in being free from imprisonment") (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)) (citing *Hamdi*, 542 U.S. at 529); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. Nov. 22, 2019) (noncitizens in immigration custody had an arguably even greater liberty interest in remaining out of detention than criminal parolees who required due process protection).

32. With respect to the second *Mathews* factor, given the strong liberty interest at stake, the Fifth Amendment's guarantee of due process requires at least some notice and an opportunity to be heard before a person can be placed in immigration detention. *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025). Further, due process requires that "notice must be afforded within a reasonable time and in such manner as will allow [noncitizens] to actually seek . . . relief[.]" *Id.*

33. For the third *Mathews* factor, "the Attorney General's discretion to detain individuals under 8 U.S.C. § 1226(a) is valid where it advances a legitimate government purpose." *Velasco Lopez*, 978 F.3d at 854. The recognized government interests in immigration detention are "ensuring the appearance of [noncitizens] at future immigration proceedings" and "preventing danger to the community." *Zadvydas*, 533 U.S. at 690. Absent evidence in the record that a noncitizen is dangerous, and in situations when the noncitizen has appeared for immigration proceedings, district courts have held that

the government cannot demonstrate a significant interest in their detention. *See Lopez Benitez*, 2025 WL 2371588, at *13; *Valdez*, No. 25-CV-4627, 2025 WL 1707737, at *4 (S.D.N.Y. Jun. 18, 2025).

34. Recent decisions by federal courts in various jurisdictions confirm that due process requires the government to make individualized determinations to detain noncitizens and give them notice and a meaningful opportunity to be heard when challenging their detention. Further, if a noncitizen does not receive individualized consideration pre-deprivation, his due process rights are irrevocably violated, and no amount of procedure provided post-detention can remedy that violation. *See, e.g.*, *Lopez Benitez*, 2025 WL 2371588, at *14 ("Given the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment before detaining him—any post-deprivation review by an immigration judge would be inadequate."); *see also Chipantiza-Sisalema*, 2025 WL 1927931, at *3 (finding bond "hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.") (citation modified); *Kelly*, 2025 WL 2381591, at *3 (same).

35. The supervision that Petitioner was placed on when released from detention violates the procedural components of the Due Process Clause. *See Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 335 (E.D.N.Y. 2026) (finding detention of a young person with valid SIJS violated his right to due process). Petitioner was determined not to pose danger or flight risk when he was released from custody on November 28, 2017. There is no reason to now conclude Petitioner poses a danger or flight risk. He was not accorded sufficient process prior to his sudden re-detention by ICE on June 24, 2026, or his placement on supervision

thereafter.

36. Petitioner did not receive notice or an opportunity to be heard as to whether a change in custody status was warranted. *See Rodriguez-Acurio v. Almodovar,* 811 F. Supp. 3d 274, 316 (E.D.N.Y. 2025), *appeal dismissed,* No. 26-219, 2026 WL 1208948 (2d Cir. Feb. 25, 2026) (finding a due process violation where noncitizen was redetained at a USCIS Asylum Office); *Lopez v. Sessions*, No. 18 CIV. 4189 (RWS), 2018 WL 2932726, at *12 (S.D.N.Y. June 12, 2018) ("Petitioner's re-detention, without prior notice, a showing of changed circumstances, or a meaningful opportunity to respond, does not satisfy the procedural requirements of the Fifth Amendment"); *see also Chipantiza-Sisalema*, 2025 WL 1927931, at *3; *Valdez*, 2025 WL 1707737, at *4.

37. As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019); see also 28 U.S.C. § 2241(c)(3)). The Supreme Court has held that the "in custody" requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. See *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). This means that once a petitioner's custodial sentence has expired, "some concrete and continuing injury . . . some 'collateral consequence' . . . must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Salmeron-Salmeron*, 926 F.3d at 1290 (extending the "collateral consequences" doctrine to habeas petitions brought in the immigration context)

## CLAIM FOR RELIEF

### VIOLATION OF THE DUE PROCESS CLAUSE
### OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

38. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of

this Petition as if fully set forth herein.

39. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

40. Petitioner's detention violates the procedural components of the Due Process Clause. *See Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 335 (E.D.N.Y. 2026) (finding detention of a young person with valid SIJS violated his right to due process). Petitioner was determined not to pose danger or flight risk when he was released from custody on November 28, 2017. There is no reason to now conclude Petitioner poses a danger or flight risk. He was not accorded sufficient process prior to his sudden re-detention by ICE on June 24, 2026. The mandatory detention of a SIJS holder who was previously released by the government does not satisfy the three-prong test under *Mathews*.

41. Petitioner did not receive notice or an opportunity to be heard as to whether a change in custody status was warranted. *See Rodriguez-Acurio v. Almodovar,* 811 F. Supp. 3d 274, 316 (E.D.N.Y. 2025), *appeal dismissed,* No. 26-219, 2026 WL 1208948 (2d Cir. Feb. 25, 2026) (finding a due process violation where noncitizen was redetained at a USCIS Asylum Office); *Lopez v. Sessions*, No. 18 CIV. 4189 (RWS), 2018 WL 2932726, at *12 (S.D.N.Y. June 12, 2018) ("Petitioner's re-detention, without prior notice, a showing of changed circumstances, or a meaningful opportunity to respond, does not satisfy the procedural requirements of the Fifth Amendment"); *see also Chipantiza-Sisalema*, 2025 WL 1927931, at *3; *Valdez*, 2025 WL 1707737, at *4.

42. Respondents' actions violate Petitioner's right to procedural due process.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Declare that Respondents restrains on Petitioner's liberty violates the Due Process Clause

of the Fifth Amendment;

(2)    Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from supervision;

(3)    Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Carolyn M. Corrado, Esq.*

Carolyn M. Corrado, Esq.
Jadeja-Cimone Law, PC.
50 Clinton Street, Suite 501
Hempstead, NY 11550
ccorrado@jadejacimone.com
Attorney for Petitioner

Dated: July 7, 2026

**<u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>**

I represent Petitioner, Jose Moises Nolasco-Aleman, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

July 7, 2026

*/s/ Carolyn M. Corrado*